ferent parts of the State, should be treated by us as authority until reversed by a higher tribunal.

It is a co-ordinate branch of the same court, and uniformity of decisions throughout the State is so desirable as to call for respect by the general terms in the different districts for the decisions of each other, unless in some special case and for special reasons a court might feel compelled to depart therefrom.

The order appealed from should be reversed.

## DOTY *a.* THE MICHIGAN CENTRAL RAILROAD COMPANY.

*New York Superior Court; Special Term, May,* 1859.

SERVICE OF SUMMONS.—MANAGING AGENT OF CORPORATION.

A foreign railroad corporation having their whole road and traffic without the limits of this State, and having no office here, are not a corporation doing business within this State, although tickets for passage over their road are sold by their agent here.

One who merely sells tickets for them in such case, is not to be deemed a managing agent upon whom service of process may be made.

Motion to set aside judgment.

In this action judgment had been entered by default on affidavit of service of summons and complaint on one Clark, of this city, on 9th February, 1850.

This judgment the defendant now moved to set aside.

It was shown by affidavit that defendants were a foreign corporation (of the State of Michigan). The plaintiff was a resident of this State. It did not appear that the defendants had any property in this State, nor that the cause of action arose in this State. It was expressly sworn that defendants were not and have not been for a year past doing business in this State; that their sole business was and had been the transportation of freight and passengers between points without this State, and

the building and maintenance of its track, no part of which lay within this State.

Mr. Clark testified unqualifiedly that he was not, nor ever had been, the president or other head of the corporation, or its secretary, cashier, or treasurer, or a director or managing agent thereof.

The plaintiff, on the other hand, swore that he was acquainted with Clark, and knew him to be the agent of the defendants in this city; that Clark received and paid out money for defendants; that his name was printed as agent of defendants upon the tickets and circulars issued by them in this city, and that, after diligent inquiry, he could find no other representative of the defendants in this city.

The plaintiff's attorney also swore that he had received a letter from the deputy secretary of state, stating that defendants had failed to comply with the law requiring them to designate a person within the State on whom process may be served under the act of 1855.

*E. W. & G. F. Chester*, for the motion.

*S. Whitehouse*, opposed.

WOODRUFF, J.—The defendants are not, in my opinion, doing business within the State and county within the meaning of the act (*Laws of* 1855, 470), and the person on whom the summons was served, not being president or other head, nor secretary, treasurer, cashier, director, or managing agent of the corporation, within the provisions of the Code, section 134, nor appearing to have property therein, and it not appearing that the cause of action arose in this State; there has been no such service of summons and complaint as warranted the entry of any judgment against the defendants in this court.

The judgment must, therefore, be set aside, with $7 costs.