## REEVES v. SOUTHERN RAILWAY COMPANY.

**1.** A foreign corporation doing business in this State and having agents located therein for this purpose may be sued and served in the same manner as domestic corporations, upon any transitory cause of action whether originating in this State or otherwise ; and it is immaterial whether the plaintiff be a non-resident or a resident of this State, provided the enforcement of the cause of action would not be contrary to the laws and policy of this State.

**2.** The case of *Bawknight* v. *Insurance Company*, 55 *Ga.* 194, upon a review thereof, is overruled.

Argued July 14,—Reargued December 5, 1904.  Decided January 27, 1905.

Action for damages.  Before Judge Calhoun.  City court of Atlanta.  November 16, 1903.

*Andrews & Skeen*, for plaintiff.

*Dorsey, Brewster & Howell* and *Sanders McDaniel*, for defendant.

COBB, J.  This was an action in the city court of Atlanta, by a plaintiff, whose place of residence does not appear, against a foreign railroad corporation which is doing business in the city of Atlanta.  The defendant was duly served with process accord-

ing to the law of this State. The cause of action alleged is a tort to property, committed in the State of Alabama, the tort consisting of an injury to a horse which was being transported from Harrisonville, Missouri, to Atlanta, Georgia, in a car of the defendant company. The petition did not allege that the contract of transportation was made by any officer or agent of the corporation in Georgia, or that the tort was connected in any way with orders issued by a Georgia officer or from a Georgia office of the corporation. The court dismissed the petition on demurrer for want of jurisdiction, and the plaintiff excepted.

The fact that a corporation has no existence except in legal contemplation gave rise to the conception that its existence could not be legally recognized outside of the territorial jurisdiction of the lawmaking power which created it, and that therefore it was impossible for a corporation to migrate beyond the bounds of its creator. This conception resulted in the courts holding that the corporation could not be sued in a jurisdiction foreign to that which gave it existence. While under this view as a matter of theory the corporation did not migrate, yet as a matter of fact its officers and agents did; and contracts were made in its name, and wrongs committed by its officers and agents, in territory far remote from that in which it was supposed to have its only legal existence. Great hardship and inconvenience resulted oftentimes from the application of this rule, which had the effect of compelling those who sought redress for breaches of contract and other legal wrongs against the corporation to bring their actions in the courts of the jurisdiction creating the corporation; the expenses of the remedy in many cases amounting to more than what would have been the fruits of recovery. The recognition of the hardship resulting from this rule brought about a modification of the rule, to the extent that where a foreign corporation located an agent and actually transacted business in a foreign jurisdiction, it so far acquired a residence in that jurisdiction as to make it amenable to the processes of the courts thereof on all causes of action originating within that jurisdiction. The rule was then further modified to the extent that where the corporation had an agent and was doing business in a foreign jurisdiction, it might be sued upon any transitory cause of action by a citizen of the State in which the corporation was thus doing business. And in

this country it followed from this rule that if a resident was allowed to bring this suit, any citizen of the United States would, under the constitution of the United States, have a similar right to bring suit. *South Carolina Railroad Co.* v. *Nix,* 68 *Ga.* 572 (2), 580; Barrell *v.* Benjamin, 15 Mass. 354; Cole *v.* Cunningham, 133 U. S. 107, 113–114. There are many years and manifold changes in economic conditions between. the old rule, which denied the right to sue a foreign corporation in personam outside of the jurisdiction of its creation, and the modern doctrine, that the question of jurisdiction and suability is not so much one of citizenship as one of finding. See *Williams* v. *Ry. Co.,* 90 *Ga.* 522; *Dearing* v. *Bank,* 5 *Ga.* 497. The development of the principle was by gradual steps, and necessarily involved the overturning of many old cases. The case of *Bawknight* v. *Insurance Company,* 55 *Ga.* 194, was decided during the transition period and before the modern doctrine had been firmly established. It denied the right to sue a foreign corporation on a foreign cause of action. This decision seems to have been followed in Central Railroad Co. *v.* Carr, 76 Ala. 388, 52 Am. Rep. 339. In the *Bawknight* case it is to be noted that the original record shows that the plaintiff was a resident of the State of Florida, and at that time the fact of the non-residence of the plaintiff was by several courts considered important, some holding that on a cause of action arising in another State a non-resident plaintiff could not sue a non-resident corporation, while others held that it was within the discretion of the court to allow or refuse such right to a non-resident. The true test of jurisdiction is not residence or non-residence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method for perfecting service on it by serving its agents. From 1845 to the present time the law of Georgia has provided that service of process necessary to the commencement of "*any suit against any corporation in any court,*" with certain exceptions which are not material to this discussion, may be perfected by serving any officer or agent of such corporation, or by

leaving a copy of the process at the place of transacting the usual and ordinary business of such corporation, if such place shall then be within the jurisdiction of the State in which the suit is commenced.    Civil Code, § 1899.    The language of this section is sufficiently broad to authorize the service of process in a suit against a foreign corporation that has a place of doing business in this State.    *City Fire Ins. Co.* v. *Carrugi*, 41 *Ga.* 660 (1), 671. There are many cases decided by this court where it either expressly or tacitly recognized that a foreign corporation may be sued in this State in personam if lawful service can be perfected upon it.    See *Selma R. Co.* v. *Lacy*, 43 *Ga.* 461; *Mayor of Macon* v. *Cummins*, 47 *Ga.* 326;    *Nat. Bank* v. *Mfg. Co.*, 55 *Ga.* 36;    *Dahlonega Min. Co.* v. *Purdy*, 65 *Ga.* 496; *Central R. Co.* v. *Swint*, 73 *Ga.* 651; *Ala. R. Co.* v. *Fulghum*, 87 *Ga.* 263; *Watson* v. *R. Co.*, 91 *Ga.* 222; *Saffold* v. *Mtg. Co.*, 98 *Ga.* 785, 787; *South Carolina R. Co.* v. *Dietzen*, 101 *Ga.* 730; *Equity Life Assn.* v. *Gammon*, 119 *Ga.* 276.    It is true that in most, if not all, of these cases the cause of action arose in Georgia, and the plaintiff was a resident of this State; but neither of these facts was stressed as being material in any of the decisions, the jurisdiction, where the question of jurisdiction was directly raised, being maintained on the ground that service of process could be had upon the corporation for the reason that it was present in the State when it transacted business there through an agent duly authorized to represent it in reference to the business transacted, and that the statute of 1845 was broad enough to authorize service of process upon foreign corporations by serving the agent who within this State transacted the business of the corporation.    A natural person not a resident of this State may be sued in this State if found within its limits and served with process, although he may be simply passing through the State and not transacting business of any character within the same.    Civil Code, § 4954.    And there is nothing in the law authorizing such a non-resident person to be sued here which makes the jurisdiction of the courts dependent upon whether the cause of action against him originated in this State.    Presence within the territorial limits of the State gives jurisdiction to its courts, and a non-resident may be brought into court by service of process in the same manner that a resident would be brought in.    In cases

of foreign corporations a mere passing through the State of an officer, even though the head officer, would not give the courts of this State jurisdiction of the corporation. *Schmidlapp* v. *Ins. Co.*, 71 *Ga.* 246; *Associated Press* v. *United Press*, 104 *Ga.* 51; *Reynolds Co.* v. *Martin*, 116 *Ga.* 495. A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it. The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served. From among the numerous cases relating to this subject we cite the following: Eingartner *v.* Steel Co., 94 Wis. 70; Nelson *v.* R. Co., 88 Va. 971; Haggin *v.* De Paris, L. R. 23 Q. B. D. 519; Lhoneux *v.* Banking Corporation, L. R. 33 Ch. Div. 446; Dennick *v.* R. Co., 103 U. S. 11, 18; St. Clair *v.* Cox, 106 Ib. 350, 354; Barrow Steamship Co. *v.* Kane, 170 Ib. 109; Knight *v.* R. Co., 108 Pa. St. 250. See also Reno on Non-residents, § 44 et seq.; Minor's Conflict of Laws, § 192. Of course the right either of a non-resident or resident plaintiff to sue a foreign corporation upon a foreign cause of action is subject to this qualification, that it would not be against the policy of the State in which the suit is brought to enforce the cause of action arising outside of its jurisdiction. The comity of States would not require the courts of this State to enforce a cause of action when to do this would be contrary to the established policy of the State. Political Code, § 9; *American Colonization Society* v. *Gartrell*, 23 *Ga.* 448. Subject to this qualification, foreign corporations may sue in this State on any cause of action, and may likewise be sued, provided they are found and duly served according to law. At common law service upon a corporation could be perfected only by serving its head officer, but whether service upon any other officer would be sufficient to bring the corporation into court is a matter to be determined by municipal law. The law of this State permits its own

corporations to be brought into court by serving any officer or agent transacting the business of the corporation, and the statute is broad enough to allow service upon a foreign corporation in the same way.    The State of Georgia either expressly grants to these foreign corporations the right to do business within its limits, or tacitly permits them to transact business here.    They are allowed to open offices in this State and here deal with our citizens and others who may be temporarily within its limits.    The State protects them in the property which they hold.    The courts of Georgia are open to them for the enforcement of any claim of any character which they may have against her citizens or citizens of other States passing through this State, subject only to the qualification above referred to.    Can it be said that it is a hard rule, or a violation of any sound principle, that they should be put upon the same footing as to causes of action against them as that on which our own corporations are placed by the law of the land? The case of *Bawknight* v. *Insurance Company*, supra, is in direct conflict with the modern authorities, and seems to us to be in conflict with the policy of the State as indicated by legislation which was in existence at the time the decision was rendered; and the reasons given by the learned judge for the conclusion in that case being not at all satisfactory, especially when viewed in the light of the present day, after mature consideration and reflection, we have reached the conclusion that this case should be overruled, and the law of this State, so far as this question is concerned, put upon the sound principles promulgated in the well-considered cases in other jurisdictions above referred to.    The record does not disclose whether the plaintiff was a resident or non-resident of the State; but this being now immaterial, and the foreign corporation which is defendant having been found and duly served according to law, the court has jurisdiction of the cause of action stated in the petition, notwithstanding it arose in another State, there being nothing in the cause of action which would make its enforcement contrary to the policy and law of this State.

*Judgment reversed.    All the Justices concur.*