Benjamin Marcus, Defendant in Error, v. Nashville, Chattanooga & St. Louis Railway Company, Plaintiff in Error.

### Gen. No. 17,260.

RAILROADS—*when process cannot be served on commercial agent.* A person employed merely to solicit freight and passenger business for a foreign corporation, and having no power to sell any ticket or make any contract for the corporation, is not an agent upon whom process against the corporation may be served, where it has no other agent within the state nor any property except the office furniture of the solicitor.

Error to the Municipal Court of Chicago; the Hon. WILLIAM N. GEMMILL, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1911. Reversed. Opinion filed November 7, 1912.

GREGORY, POPPENHUSEN & McNAB, for plaintiff in error.

No appearance for defendant in error.

MR. JUSTICE FITCH delivered the opinion of the court.

Defendant in error sued plaintiff in error to recover the value of a suit case and contents alleged to have been lost while defendant in error was a passenger on defendant's train en route from Nashville, Tennessee, to St. Louis, Missouri. A summons was issued and

returned served by delivering a copy of the summons, together with a copy of the statement of claim and affidavit attached thereto, to "W. H. Wharton, Commercial Agent of said corporation, the president, secretary, superintendent, general agent or other officers of said corporation not being found in the City of Chicago." Plaintiff in error filed its special appearance in the Municipal Court for the sole purpose of objecting to the jurisdiction of the court, and moved to quash the return of service of summons, filing at the same time the affidavit of W. H. Wharton in support of the motion. Such affidavit states, in substance, that plaintiff in error is a Tennessee corporation; that its principal office is at Nashville, Tennessee, with lines of railroad from Paducah and Hickman, Kentucky, to Atlanta, Georgia; that it is not doing business in Illinois, and none of its property is located therein, except some office furniture and fixtures in the commercial agent's office in Chicago; that such commercial agent's office is maintained solely for the purpose of soliciting freight and passenger traffic, and does not sell tickets or make contracts or rates for the transportation of freight or passengers over defendant's railroad or any other road; that none of the officers or directors of the defendant company resides in Illinois, and that defendant has no agent or representative in Illinois other than the persons connected with the office of the commercial agent, and that none of such persons is authorized to sell tickets, make contracts or accept service of process on defendant's behalf. No counter-affidavits were submitted, and the trial court found that the facts were as stated in said affidavit, but denied the motion to quash upon the ground that plaintiff in error was "doing business" in Chicago within the meaning of the law, and was, therefore, subject to the jurisdiction of the Municipal Court. Thereupon, on motion of plaintiff, a default and judgment for $72 and costs was entered against plaintiff in error.

Subsequent to the entry of judgment in the trial ·

court, the identical proposition here involved was decided by the Supreme Court in the case of Booz v. Texas & P. R. Co., 250 Ill. 376, the facts of which, as shown by the opinion in that case, are almost exactly the same as in this case. It was there held that a person employed merely to solicit freight and passenger business for a foreign corporation, and having no power to sell any ticket or make any contract for the corporation, is not an agent upon whom process against the corporation may be served. Following that decision, it must be held that the trial court erred in refusing to quash the return and the subsequent proceedings were void for want of jurisdiction over the defendant.

The judgment is reversed.

*Reversed.*