## VICKSBURG, SHREVEPORT & PACIFIC RY. *v.* DeBOW.

1. It is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within the State.
2. A foreign railroad corporation which neither owns, leases, nor operates any line of road within the State of Georgia is not doing business within the State, in the sense that liability to service is incurred because it maintains an office and employs an agent, resident in the State, for the merely incidental business of soliciting freight; especially where the transitory cause of action did not grow out of, and had no connection with, business so initiated.

No. 859.      FEBRUARY 13, 1919.

Certiorari; from Court of Appeals.   21 *Ga. App.* 732.

J. D. B. DeBow, a citizen of the State of Tennessee, filed his suit in the superior court of Fulton county, Georgia, against the Vicksburg, Shreveport & Pacific Railway, a non-resident corporation, as an initial carrier for hire, to recover $20,000 alleged to be the value of a certain hog shipped by him in interstate commerce from Shreveport, La., to Montgomery, Ala. The plaintiff alleged, that the defendant received the hog at Shreveport, for transportation, and undertook faithfully to transport the hog to the plaintiff at Montgomery, and issued to the plaintiff its receipt and bill of lading in due form; that in the course of the transportation the special car provided at the expense of the plaintiff, for the purpose of transporting valuable live stock, was delivered by the defendant to its connecting carrier at Meridian, Miss.; and that through the negligence of the connecting carrier the hog received an injury from which it died. One of the allegations of the petition was: "The said defendant company has and maintains an office and place of business in the said county of Fulton in said State of Georgia, and has an agent who therein transacts business for and on behalf of said defendant corporation." A deputy sheriff made the following return: "I have this day served the defendant by delivering a copy of the within petition and process to J. F. Hardin, the agent of the defendant company, in person at room 404 in the Equitable building in the City of Atlanta, Fulton County, Georgia, the same being the place of transacting the usual and ordinary public business of said corporation within said county. This 7 day of May 1910." At the first term the defendant, without submitting itself to the jurisdiction of the court, filed a traverse to the return of service, and prayed that both the sheriff of Fulton county and

the deputy sheriff making said return be made parties thereto, and that the return of service be quashed and the case be dismissed. The ground of the traverse was as follows: "This defendant says, that it has never been served with any notice or process in said suit; that J. F. Hardin is not its agent in the sense that service upon him would be served upon it; that it has never done and does not now do any business in the State of Georgia; that it has never owned or operated and does not now own or operate any line of railroad in said State; that it has never had and has not now within said State an agent for transacting its usual and ordinary public business; that it has never had and has not within said State a place of transacting its usual and ordinary public business; and that it has never had and has not within said State of Georgia an agency for the transaction of its usual and ordinary public business." At said term the defendant, insisting upon its traverse to the return of service in said cause, made its special appearance for the purpose of pleading to the jurisdiction of the court. In its plea to the jurisdiction the ground contained in its traverse to the return of service, quoted above, was repeated; and in addition thereto the defendant alleged that it, in connection with two other named non-resident railroad corporations, maintains an office in the city of Atlanta "for the said John F. Hardin, and pays him a monthly salary for his services as a commercial agent only. As such the said Hardin has no authority on behalf of this defendant to issue bills of lading for it, nor make contracts of affreightment, nor sell passenger tickets, nor to make contracts of carriage with passengers, but he is solely a soliciting agent, and his duties and authority are to endeavor to have freight moving from or into the southern territory pass over the lines of defendant, such lines being wholly without the State of Georgia;" and that the attempt to bring this defendant into the jurisdiction of said court is in violation of that portion of the fourteenth amendment to the constitution of the United States, which declares: "No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property without due process of law, nor deny to any person within its jurisdiction the equal protection of the laws." The traverse, plea in abatement, and plea to the jurisdiction were duly verified. The court, to whom the issues on the

traverse and plea were submitted without the intervention of a jury, found against the traverse and against the plea, entering a judgment striking the traverse and plea, and ordering the cause to proceed. To this judgment the defendant excepted pendente lite. Not waiving its right to except to the judgment upon the traverse and plea to the jurisdiction, the defendant filed its answer to the petition, contending that upon the facts pleaded it was not an initial carrier; and that it was not liable for the full value of the plaintiff's hog, and, if liable at all, it was not liable in any sum in excess of ten dollars, the agreed value of the hog as stipulated in its bill of lading. The verdᵢ t in favor of the plaintiff was for that sum, the court having in effect so limited the recovery. The plaintiff filed his motion for new trial, which was overruled, and he excepted. The defendant filed a cross-bill of exceptions, and therein assigned error upon its exceptions pendente lite. Upon review the Court of Appeals of this State reversed the judgment of the lower court upon the main bill of exceptions and affirmed the judgment upon the cross-bill. *DeBow* v. *Vicksburg, Shreveport & Pacific Railway,* 21 *Ga. App.* 732 (95 S. E. 261). Upon application of the railway company, the Supreme Court granted a writ of certiorari to review the judgment of the Court of Appeals.

*Anderson, Rountree & Crenshaw,* for plaintiff in error.

*Atkinson & Born,* contra.

GEORGE, J. (After stating the foregoing facts.)

1. A motion was made to dismiss the cross-bill of exceptions for want of necessary parties defendant in error, to wit, the sheriff and his deputy, who were formal parties in the trial court to the traverse of the return made by the deputy, as shown by the record. This motion was met by a motion to amend the cross-bill so as to make the sheriff and his deputy defendants in error therein. The sheriff and his deputy consented in writing to be made parties, waived service, and agreed that the case be heard on its merits. This is sufficient, under the ruling in *Bullard* v. *Wynn,* 134 Ga. 636 (68 S. E. 439).

2. In the view we take of this case, the traverse to the return of service should have been sustained, and the action dismissed. This conclusion renders it unnecessary to set forth the evidence contained in the record upon the merits of the case. It is proper to say that the trial court, in ruling upon the traverse to the return

of service and plea to the jurisdiction, was controlled by the decision of the Court of Appeals in *Bell* v. *New Orleans etc. Railroad Co., 2 Ga. App. 8, 12 (59 S. E. 102).* Doubtless the Court of Appeals recognized its former decision as binding upon it in the present case. The question has not been passed upon by this court; and we have with great hesitancy reached a conclusion contrary to that reached in the *Bell* case. The formal reasons set forth in the report. of the *Bell* case required the judgment there rendered; and in this view of the matter the ruling there made upon the question here presented was perhaps unnecessary to the decision of the case. It is conceded, however, that the question was considered and directly passed upon in that case. We have not, therefore, in our consideration of the question, treated the ruling there made as obiter dictum. On the contrary, it is our duty and disposition to regard that case, reaffirmed as it is by the decision of the Court of Appeals in this case, as entitled to great weight and credit upon the question for decision. The facts in the *Bell* case are not materially different from those in the instant case.

Harden was the commercial agent of three non-resident railroad companies, including the defendant, with an office at 404 Equitable building in the city of Atlanta, Fulton county, Georgia. The expenses of the office were prorated by the three companies. The office was maintained in Atlanta as a matter of convenience. He was paid a monthly salary by each of the companies. His duties and authority were to solicit and to endeavor to have freight moving from or into the southern territory pass over the lines of the three companies represented by him, including the defendant company. He had no authority, and did not undertake on behalf of the company, to issue bills of lading, nor make contracts of affreightment, nor to sell passenger tickets, nor to make contracts with passengers; but he acted solely in the capacity of soliciting agent for the company, which neither owned, leased, nor operated any line of road within the State of Georgia. The agent kept no books or records in his office, not even a record of his office expenses. He did not solicit passenger business. All correspondence soliciting shipments of freight was sent out from the office in Atlanta. He did not name the rate, and was not in position to do so. He had nothing whatever to do with the issuing of bills of lading. So far as appears, he did not submit tentative agreements to the roads repre-

sented by him. The office furniture, consisting of a desk, type-writer, and chairs, was provided by the. railroad companies.

Section 2258 of the Civil Code provides that service of process necessary to the commencement of "any suit against any corporation in any court," with certain exceptions which are not material to this decision, "may be perfected by serving any officer or agent of such corporation, or by leaving the same at the place of transacting the usual and ordinary public business of such corporation, if any such place of business then shall be within the jurisdiction of the court in which said suit may be commenced." It is now well settled that a corporation can be found in any jurisdiction where it carries on business through agents resident or located therein; and suits may be maintained against it in that jurisdiction, if the laws of the same provide a method of perfecting service upon its agents. 12 R. C. L. 108. It is equally well recognized that a valid personal judgment can not be obtained against a foreign corporation, save upon voluntary appearance by it, unless the corporation is "doing business" within the State. A clear statement of the doctrine is found in North Wisconsin Cattle Co. *v.* Oregon Short Line Railroad Co., 105 Minn. 198 (117 N. W. 391): "Whether such a corporation is doing business in the State is a question of jurisdiction, and in its last analysis it is one of due process of law under the constitution of the United States." It was said by the Supreme Court of the United States in the case of the International Harvester Co. *v.* Kentucky, 234 U. S. 579, 583 (34 Sup. Ct. 944, 58 L. ed. 1479): "It has been frequently held by this court, and it can be no longer doubted, that it is essential to the rendition of a personal judgment that the corporation be 'doing business' within the State." This court, in *Reeves* v. *Southern Railway Co.,* 121 *Ga.* 561, 565 (49 S. E. 674, 70 L. R. A. 513, 2 Ann. Cas. 207), recognized the doctrine: "A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it. The weight of modern authority seems to support the proposition that a foreign corporation may be sued on a transitory cause of action in any jurisdiction where it can be found in the sense that service may be perfected upon an agent or officer transacting business for the corporation within that jurisdiction, and that the residence of the

plaintiff and the place at which the cause of action arose are not material questions to be determined to maintain jurisdiction if the corporation can be found and served." We are clearly of the opinion that our statute makes it necessary that the foreign corporation be "doing business" in this State, before a valid personal judgment can be rendered against it in an action commenced by the service of process upon its agent located or resident within the State. As we conceive it, it is at all events the duty of the court to so construe the statute, because, as indicated above, the question is at last one of due process of law under the constitution. What is meant exactly by the requirement "doing business" is not easily determined. As pointed out in Kendall v. Orange Judd Co., 118 Minn. 1 (136 N. W. 291), the question as to whether a foreign corporation is "doing business" in the State, so as to be subject to the jurisdiction of the courts of the State, is entirely distinct from the question as to whether such a corporation is "doing business" in the State within the purview of the act prescribing the conditions upon which such corporations may be allowed to do business within the State; and that it does not follow that business which, by reason of the interstate-commerce law, does not bring the corporation within the latter statute, may not nevertheless bring it within the statute providing for the service of process. A long line of cases, from probably every State of the union, might be cited, in which a foreign corporation has been held not to be doing business within the State so as to subject it to the requirements imposed upon such corporations doing business within the State. Where the interstate-commerce law is the basis of the decision, this fact must be kept in view. See Auto Trading Co. v. Williams (Okla.), 177 Pac. 583. There is some conflict of opinion as to whether the taking of orders by an agent, subject to the approval of the corporation at its office or place of business outside of the State, constitutes "doing business" within the State so as to render the corporation liable to suit. The weight of judicial authority, State and Federal, is to the effect that this is "doing business" within a State so as to subject the foreign corporation to the jurisdiction of its courts. International Harvester Co. v. Kentucky, supra, affirming the decision of the Kentucky court in the same case in 147 Ky. 655 (145 S. W. 393). To the same effect see Ryerson v. Wayne, 114 Mich. 352 (72 N. W. 131); Toledo Computing Scale

Co. *v.* Miller, 38 App. D. C. 237; McSwain *v.* Adams Grain &c. Co., 93 S. C. 103 (76 S. E. 117, Ann. Cas. 1914D, 981). At least the service upon an officer or agent of a foreign corporation located or resident within the State is generally considered effectual as to suits growing out of contracts entered into or to be performed in whole or in part within the State, as in the case of trading or manufacturing corporations. Where a foreign trading or manufacturing corporation has a resident agent within this State, who through. solicitation obtains an order from a person within the State, although such order is taken subject to the approval of the corporation at its foreign office or place of business, such corporation may be required to answer in this State to such person for a cause of action arising out of business or transactions so initiated. This is the effect of the ruling in Armstrong Co. *v.* New York &c. R. Co., 129 Minn. 104 (L. R. A. 1916E, 232, 151 N. W. 917, Ann. Cas. 1916E, 335), and many other cases.

While a foreign corporation, with a soliciting agent within the State, may be required to answer here for a breach of contract or duty arising out of business so procured, the mere solicitation of business within the State, "unaccompanied by a local performance of contract obligations," is not "doing business" within the State so as to bring the corporation within the jurisdiction of the courts of the State. This view is supported by the clear preponderance of judicial authority, State and Federal. "A railroad company which has no tracks within the district is not doing business therein in the sense that liability for service is incurred because it hires an office and employs an agent for the merely incidental business of solicitation of freight and passenger traffic." Green- *v.* Chicago &c. R. Co., 205 U. S. 530 (27 Sup. Ct. 595, 51 L. ed. 916). To the same effect see St. Clair *v.* Cox, 106 U. S. 350 (1 L. ed. 354); St. Louis &c. R. *v.* Alexander, 227 U. S. 218 (33 Sup. Ct. 245, 57 L. ed. 486, Ann. Cas. 1915B, 77); Philadelphia &c. Ry. Co. *v.* McKibbin, 243 U. S. 264 (37 Sup. Ct. 280, 61 L. ed. 710). In the recent case of People's Tobacco Co. *v.* American Tobacco Co., 246 U. S. 79 (38 Sup. Ct. 233, 62 L. ed. 587), Mr. Justice Day, delivering the opinion, said: "As to the continued practice of advertising its wares in Louisiana, and sending its soliciting agents into that State, as above detailed, the agents having no authority beyond solicitation, we think the previous decisions of

this court have settled the law to be that such practices did not amount to that doing of business which subjects the corporation to the local jurisdiction for the purpose of service of process upon it." The decisions in the lower Federal courts accord with the view taken by the Supreme Court of the United States. Wall *v.* C. & O. R. Co., 91 Fed. 389; Fairbank *v.* Cincinnati R. Co., 4 C. C. A. 403 (54 Fed. 420); Maxwell *v.* Atchison &c. R. Co., 34 Fed. 286; Boardman *v.* McClure Co., 123 Fed. 614. We have not overlooked the fact that the cases cited above originated in the Federal courts. However, in North Wisconsin Cattle Co. *v.* Oregon Short Line R. Co., supra, the Supreme Court of Minnesota decided (1908) that a railway company not having any line in the State is not, by reason of its employment of an agent whose business it is to solicit passenger and freight traffic and its maintenance of an office with clerical assistance for his use, doing business within the State and as such liable to suits therein. The Supreme Court of Tennessee, in Atlantic Coast Line R. Co. *v.* Richardson, 121 Tenn. 448 (117 S. W. 496), decided (1908) that a foreign railroad corporation having no line within the State is not brought within the jurisdiction of the local courts by service of process upon a traffic solicitor in a suit upon a cause of action not arising within the State nor out of any transaction had in whole or in part within the State. In Berger *v.* Pennsylvania R. Co., 27 R. I. 583 (65 Atl. 261, 9 L. R. A. (N. S.) 1214, 8 Ann. Cas. 941), the Supreme Court of Rhode Island held (1906): "A foreign railroad company having no transportation line within a State is not doing business there, within the meaning of a statute providing for service of process on foreign corporations doing business within the State by serving its agent, by maintaining within the State an agency to solicit shippers to direct the local carrier, to whom property is delivered for transportation, to bill it over the line of such foreign corporation." The constitution of the State of Alabama fixes the venue of suits against a foreign corporation in any county where it does business, by service of process upon an agent anywhere in the State; and a provision of the Alabama code, in any county in which it does business by agent. The Supreme Court of that State, in Abraham *v.* Southern Ry. Co., 149 Ala. 547 (42 So. 837), held (1906) "that the act of a railroad company in constituting agents with no power or authority to bind it, but simply to solicit

traffic for it, is not 'doing business' within the constitutional or statutory provisions" noted above. The facts in the Alabama case, and indeed in all the cases cited, are not materially different from the facts in the instant case. For similar rulings see also Booz v. Texas &c. R. Co. (1911), 250 Ill. 376 (95 N. E. 460); Marcus v. Nashville &c. R. Co. (1912), 174 Ill. App. 242; Pennsylvania R. Co. v. Rogers (1903), 52 W. Va. 450 (44 S. E. 300, 62 L. R. A. 178). The Supreme Court of Washington, in Macario v. Alaska Gastineau Mining Co. (1917), 96 Wash. 458 (165 Pac. 73, L. R. A. 1917E, 1152), decided that a foreign mining corporation was not present within the State so as to subject it to a suit for a transitory cause of action, although it maintained an office within the limits of the State for the purchase and forwarding of supplies to the mines, and "for such incidental transactions as the purchase of transportation for corporate officers and caring for injured employees, as may be necessary." *Bell* v. *New Orleans &c. R. Co.,* supra, was decided in 1907. That decision upon exactly the question here presented, so far as our investigation has extended, is supported by the following cases: Tuchband v. Chicago & Alton R. Co., 115 N. Y. 437 (22 N. E. 360); Denver etc. R. Co. v. Roller, 100 Fed. 738 (41 C. C. A. 22); Bristol v. Brent, (1910), 38 Utah, 58 (110 Pac. 356). In Armstrong v. N. Y. &c. R. Co. (1915), 129 Minn. (supra), it was held that a foreign railroad corporation keeping and maintaining a soliciting agent within the State might be made answerable to a suit in the State, brought by a citizen thereof on account of a breach of contract or duty arising out of business so procured. To this extent that case accords with the *Bell* case. In the Utah case, cited above, it will be observed that while the resident commercial agent of the company had no authority to issue bills of lading or sell passenger tickets, he nevertheless did take from prospective shippers "routing orders" which were signed by the shippers and by him sent to the non-resident corporation. In the Federal case cited, the soliciting agent was clothed with the power, and in fact issued bills of lading on behalf of the foreign corporation. In the New York case the facts are not fully set forth, but the decision is predicated upon the ground that the foreign corporation had an office within the State, "in which a substantial portion of its business" was transacted. The foreign corporation also had property in New

York, and in the opinion we find that this property consisted of tickets and other articles in its office. But see Doty *v.* Mich. Cent. R. C. (N. Y. Super. Ct.), 8 Abb. Pr. 427. Whether the facts of the cases noticed distinguish them from the instant case we do not decide. We think it may be conceded that the facts in the case noted are similar to the facts in this case. The effort of the resident soliciting agent of the corporation to obtain business within this State to be done elsewhere was a mere incident of the corporation's business, important though it may be; and it can not be affirmed that merely soliciting business within the State to be done wholly outside of the State is "doing business" within the State so as to give the corporation a presence within the State for the purpose of service of process. Before we can yield to the suggestion that the view here taken is a narrow one which can result only in the denial by this State of the right of the citizen to obtain personal judgments against foreign corporations in cases where resident soliciting agents can be here found, we must be prepared to accord full faith and credit to like judgments obtained upon such service by a citizen in the courts of another State against a corporation of this State. In determining this question we have, therefore, attempted to keep in view the broad principle of interstate comity. Both judicial decision and legislative act must be assumed to reflect that comity where the question of jurisdiction is involved. For a full discussion of the question involved, see note to Okura *v.* Forsbacka Jernverks Aktiebolag, 6 B. R. C. 792.

For error in affirming the judgment on the cross-bill of exceptions the decision is reversed and the cause remanded for further proceeding in conformity with this opinion.

*All the Justices concur, except Atkinson, J., disqualified.*