38786.   KIRKLAND *et al.* v. ATCHISON,
TOPEKA & SANTA FE RAILWAY COMPANY.

DECIDED JUNE 21, 1961—REHEARING DENIED JULY 25, 1961.

*Sam F. Lowe, Jr., Lennie F. Davis,* for plaintiffs in error.

*Hugh M. Dorsey, Jr., Jule W. Felton, Jr.,* contra.

FRANKUM, Judge. ■ Where a foreign railway company has and maintains a general agent and also a ticket agent in a county in this State, each having the power and authority to bind the railway company, as a carrier, to transport passengers for hire, by selling and delivering passenger tickets and receiving the purchase money for such passenger tickets, and where the company maintains a permanent office in such county with a general agent in charge thereof who supervises eleven local employees of the defendant company, six of whom act as salesmen to constantly solicit and obtain business for the company, the company is "doing business" within this State so as to be amenable to process in such county in an action for damages by one for personal injuries alleged to have been sustained by reason of the negligence of the railway company while such person was being transported as a passenger on one of the defendant's trains. *Reeves v. Southern Ry. Co.,* 121 Ga. 561 (49 SE 674, 70 LRA 513, 2 AC 207). This is particularly true when the action relates to the nature of the activity that the railway company carries on in this State; viz., sale of passenger tickets, and an action for damages by one who sustained injuries while being transported as a passenger of the defendant railway company, as in the instant case. See *Louisiana &c. Milling Co. v. Mente & Co.,* 173 Ga. 1 (159 SE 497), cf. *Southern Ry. Co. v. Parker,* 194 Ga. 94 (21 SE2d 94); *Louisville & N. R. Co. v. Meredith,* 194 Ga. 106 (21 SE2d 101); International Shoe Co. v. State of Washington, 326 U. S. 310 (66 SC 154, 90 LE 95); Zuber v. Pennsylvania R. Co., 82 F. Supp. 670, 677. The rule of law announced in *Vicksburg &c. Ry. v. DeBow,* 148 Ga. 738 (98 SE 381), sets forth the guiding principles applicable to the present issues in the instant case, but the result reached varies because the facts in the instant case are vastly different from those in the *DeBow*

case. (Compare the foregoing statement of facts in the instant case with the facts shown in the *DeBow* case.) Consequently, nothing held here is in conflict with *Vicksburg &c. Ry. v. DeBow*, supra, because in the *DeBow* case, it affirmatively appears that the agent did not have the authority to bind the foreign corporation by contract, or otherwise, or to sell passenger tickets, while in the instant case, the uncontradicted facts show that the defendant's agents had the power and authority to obligate the defendant railway company by selling and delivering passenger tickets to the purchasers thereof, and did sell and deliver passenger tickets and receive the purchase price therefor, thereby obligating the defendant railway company to transport the holders of such tickets as its passengers. See *Aiken v. Southern Ry. Co.*, 118 Ga. 118 (44 SE 828, 62 LRA 666, 98 ASR 107). Such contract is implied by law. *Georgia, Carolina & Northern Ry. Co. v. Brown*, 120 Ga. 380 (47 SE 942).[1] Not only do the local agents and employees sell tickets, but they make reservations for space on the defendant's trains for those entitled to transportation by reason of the purchase of such tickets. Though the Supreme Court in the *DeBow* case did not decide whether its decision would have been different if the facts had been substantially the same as the facts in Denver &c. R. Co. v. Roller, 100 F. 738, we feel the language of the Supreme Court indicates that a different factual situation existed in the *DeBow* case that required a different result from the one reached in the Roller case. It is important to note that the facts in the Roller case are found exactly in the instant case, except that in the Roller case the contracts were bills of lading,

---

[1] For our decision it is not necessary to decide any technical distinction between a contract and a ticket. It is only necessary to say that the delivery of a ticket to a purchaser and the receipt of the purchase money therefor, obligates a carrier to transport the purchaser of the ticket if specified, or the bearer of such ticket as a passenger if the name of the purchaser is not specified, hence, the obligations of a contract occur, though there may be a different person as a passenger from the person who purchased the ticket.

while in the instant case, the obligations placed upon the company arise from the sale of passenger tickets. It is clear that *in Georgia* the mere solicitation of business by the agent or agents of a foreign corporation is not doing business to such extent as to make the foreign corporation amenable to process in this State (*Vicksburg &c. Ry. v. DeBow*, 148 Ga. 738, supra, but see International Shoe Co. v. State of Washington, supra), but in the instant case the defendant railway company carries on other activities so as to manifest the defendant's presence as doing business in this State. We are inclined to believe that the language used in the *DeBow* case clearly indicates that had the evidence disclosed facts such as appear in the instant case without dispute, the decision would have been the same as the conclusion we have reached.

The facts in Green v. Chicago &c. Ry. Co., 205 U. S. 530 (27 SC 595, 51 LE 916), were practically the same as in the *DeBow* case, and the Georgia Supreme Court, in the latter case, cited the Green case, approvingly, as a leading authority; however, the United States Supreme Court distinguished the facts of the Green case upon the same basis as here made concerning the *DeBow* case. International Harvester v. Commonwealth of Kentucky, 234 U. S. 579 (34 SC 944, 58 LE 1479).

"The true test of jurisdiction is not residence or nonresidence of the plaintiff, or the place where the cause of action originated, but whether the defendant can be found and served in the jurisdiction where the cause of action is asserted. A corporation can be found in any jurisdiction where it transacts business through agents located in that jurisdiction; . . ." *Reeves v. Southern Ry. Co.*, 121 Ga. 561, supra. See also *Safford v. Scottish American Mortgage Co.*, 98 Ga. 785 (27 SE 208). As stated in *Vicksburg &c. Ry. v. DeBow*, 148 Ga. 738, supra, at page 743: "We are clearly of the opinion that our statute [providing for service on a foreign corporation, *Code* § 22-1101] makes it necessary that the foreign corporation be 'doing business' in this State, before a valid personal judgment can be rendered against it in an action commenced by the service of process upon its agent located or resident within the State. As we conceive it, it is at all events the duty of the court

to so construe the statute, because . . . the question is at last one of due process of law under the Constitution." As stated by a headnote in the same case: "It is essential to the legal rendition of a personal judgment against a foreign corporation, otherwise than by its voluntary appearance, that the corporation be doing business within the State."

Much has been written in lengthy and learned opinions concerning this question. However, we are of the opinion that the permanent, constant activities in Georgia by the defendant railway company, as shown by the undisputed evidence in the instant case, is such that the railway company is "doing business" in this State to the extent that it is subject to suits by the plaintiffs. *Reeves v. Southern Ry. Co.*, 121 Ga. 561, supra; St. Louis S. W. Ry. Co. v. Alexander, 227 U. S. 218 (33 SC 245, 57 LE 486); International Harvester v. State of Kentucky, 234 U.S. 579, supra; International Shoe Co. v. State of Washington, 326 U.S. 310, supra. See also Scholnik v. National Airlines, 219 F. 2d 115.

■ The defendant contends that to allow the plaintiffs' suits to be maintained in Georgia would place an undue burden on interstate commerce. See 104 A.L.R. 1077. We think this contention is without merit. There is a sufficient relationship between the nature of the activities carried on in Georgia by the agents of the company and the substance of the plantiffs' suits. International Shoe Co. v. Washington, 326 U.S. 310, supra; Zuber v. Pennsylvania R. Co., 82 F. Supp. 670, supra; *Louisiana &c. Milling Co. v. Mente & Co.*, 173 Ga. 1, supra; *Louisville & N. R. Co. v. Meredith*, 194 Ga. 106, supra; 34 Columbia Law Review 1135; 34 Michigan Law Review 979; 45 Harvard Law Review 1263.

Courts have held that in determining whether a suit places an undue burden upon interstate commerce, the court shall not balance the convenience to the plaintiff and the inconvenience caused the foreign defendant by reason of having to defend a suit at a forum remote from where the cause of action arose, such as the expense and inconvenience of transporting employee witnesses to the trial. Denver & Rio Grande Western R. Co. v. Terte, 284 U. S. 284 (52 SC 172, 76 LE 295); Davis v. Farm-

ers Co-operative Equity Co., 262 U. S. 312 (43 SC. 556, 67 LE 996). It is to be noted in passing that our procedural law adequately provides for such circumstances. Testimony may be taken by deposition with a minimum of interference and inconvenience and used at the trial. The facts in the instant case show that in all probability it will be necessary to use depositions wherever the proper forum is selected. See Perham Fruit Corp. v. Cullard White Star, 84 F. Supp. 354. Usually it is inconvenient for any party or witness to attend a trial, no matter where the court is located, but the ancient right of a plaintiff to choose and select the forum in which to try his case should not be unduly restricted except where the facts and circumstances show an indisputable and undue burden upon interstate commerce. Cressey v. Erie R. Co., 278 Mass. 284 (180 NE 160). See also *Pere Marquette Ry. Co. v. Tifton Produce Co.*, 48 Ga. App. 286 (172 SE 727); 45 Harvard Law Review 1263. In the instant case the plaintiffs are residents of Georgia, and the stipulation shows that the plaintiffs were residents "at all times referred to in the petitions," which includes the time the injuries complained of occurred. As pointed out in International Milling Co. v. Columbia Transportation Co., 292 U. S. 511 (54 SC 797, 78 LE 1396), "residence, however, even though not controlling, is a fact of high significance." See also Davis v. Farmers Co-operative Equity Co., 262 U.S. 312, supra; cf. Michigan Central R. Co. v. Mix, 278 U. S. 492 (49 SC 207, 73 LE 470). Certain language used in Zuber v. Pennsylvania R. Co., 82 F. Supp. 670, supra, seems to support a proposition as a principle of law that unless a plaintiff goes further than to show his residence in order to maintain an action against a foreign corporation,[2] the action will be an undue and unlawful burden on interstate commerce. While this opinion discusses many other legal principles *involved in this appeal*, we feel this proposition is unsound. Because this contention having been asserted by the defendant in

---

[2]Assuming, of course, the plaintiff has a cause of action, and the defendant corporation is present within the State so as to be amenable to process.

its pleas to the jurisdiction, the burden, as a matter of law, was on the defendant to show that to allow the plaintiffs' suits to be tried in this State would constitute an undue burden on interstate commerce. *Code* § 81-501. The facts disclosed by the record are undisputed, and the only question remaining is one of law as to whether such facts are sufficient to show an undue burden on interstate commerce so as to oust the Superior Court of Fulton County, Georgia, of jurisdiction to try the cases. The facts, as they appear in the record, show, as a matter of law, that the plaintiffs' suits are not an undue burden on interstate commerce. In the instant case there is more than the mere residence of the plaintiffs, and the mere solicitation by the agents of the defendant upon which to predicate the right of this State to assert jurisdiction over the nonresident defendant. There are systematic and constant activities by the defendant through its agents in this State which are as much an integral part of carrying on its business as the actual operation of its trains; its agents not only sell and deliver tickets to its customers, but they make reservations for such customers. Though Frank B. Brenner, general agent of the defendant, testified that his authority did not encompass the power to issue bills of lading, it is clear from his deposition that the employees under his supervision actively solicit freight business from the local carriers, whereby such freight, which is initially transported by a local carrier, would be routed over the defendant's roads, and, in such event, the bills of lading would be issued by the local carrier. Though we do not base this opinion upon this fact, we think it is important as a circumstance in light of the International Shoe Co. case, 326 U. S. 310, supra, when deciding the question of whether the action is a burden on interstate commerce.

By reason of the facts that (1) the plaintiffs are residents of this State, (2) the defendant has and does carry on extensive activities which constitute doing business within this State whereby it is amenable to process, and (3) the nature of its activities is related to the subject matter of these suits, we conclude that to maintain these suits in Georgia will not constitute an undue burden upon interstate commerce. Western Smelting

& Refining Co. v. Pennsylvania R. Co., 81 F. Supp. 494; Perham Fruit Corp. v. Cullard White Star, 84 F. Supp. 354, supra; International Milling Co. v. Columbia Transportation Co., 292 U.S. 511, supra; International Shoe Co. v. State of Washington, 326 U.S. 310, supra. In the language of International Milling Co. v. Columbia Transportation Co., supra, "such suit may be a burden, but oppressive and unreasonable it is not."

The trial court, sitting without the intervention of a jury, erred in sustaining the defendant's plea to the jurisdiction and the traverse of service filed by the defendant in each case.

*Judgment reversed. Townsend, P. J., Carlisle and Jordan, JJ., concur.*