The Central Railroad *vs.* Smith.

1. The evidence being conflicting, there being enough to sustain the finding, and the presiding judge having refused a new trial, this court will not interfere.
2. It is the judgment of the court granting or refusing a new trial, which is subject to review in this court; a reversal will not be granted on account of the reasons which influenced him in deciding.
(*a.*) In this case there has been no abuse of discretion in refusing a new trial.

3. Although a portion of the charge excepted to may have been inaccurate and confused, yet where, if it tended to mislead the jury at all, it was in favor of the plaintiff in error, a new trial will not be required by it.

January 21, 1885.

New Trial. Charge of Court. Before Judge Dorsey. City Court of Atlanta. June Term, 1884.

Smith brought his action against the Central Railroad on account of personal injuries received in the mashing of his hand, which resulted in the loss of a finger, while acting as coupler for the defendant, and recovered a verdict for $500.00. A motion for new trial was made, on the following among other grounds:

(1.) Because the verdict was contrary to law, evidence and the charge of the court.

(2.) Because the court charged as follows: " If you believe from the evidence in this case that the servants or employés of the defendant's company were guilty of negligence in running the train of defendant at the time and at the place at which the plaintiff was injured, then, gentlemen, the presumption arises that the plaintiff was not in fault, and it would devolve on the company to show that the plaintiff was at fault. You are to determine from the evidence in the case whether or not this presumption has been met by evidence, and if you believe that it has (and this, I charge you, may be done either by evidence introduced by the plaintiff, or by evidence introduced by the defendant); if you believe from the evidence in the case, all the evidence in the case, that the railroad company has met the presumption, and if the plaintiff has shown that he was without fault, or if the plaintiff has shown that the railroad was in fault; if you believe from the evidence that the defendant has met that presumption, and that the railroad company was either not in fault, or that the plaintiff was in fault, then you should find for the defendant."

v 74-8

The court overruled the motion, passing the following order:

"After argument had, it is ordered that the motion for new trial be overruled. Whilst I should not have rendered the verdict, had I been on the jury, yet under the rulings of the Supreme Court, placing the whole question of negligence in the domain of the jury, and forbidding *nisi prius* courts to non-suit on such a question, I feel constrained to decline to interfere."

Defendant excepted.

JACKSON & KING, for plaintiff in error.

GEORGE T. FRY; JAS. R. GRAY; KING & SPALDING, for defendant.

BLANDFORD, Justice.

The defendant in error sued the plaintiff in error for injuries, which he alleged he received by reason of the negligence of *its* servants and agents *in* running *its* cars. The jury found a verdict in his favor. The plaintiff in error moved for a new trial, on several grounds, which was refused by the court below, and this judgment refusing the new trial is excepted to, and error thereon is assigned to this court.

1. The testimony in the case is conflicting. The jury found, as they had the right to do, that the theory of defendant in error was true, there being sufficient evidence to sustain this theory.

2. The court, in passing upon the motion for new trial, indulged in some remarks, to the effect that, if he had been on the jury, he would not have found the verdict which the jury did; that the Supreme Court had decided that negligence was a question for the jury, and that a non-suit should not be granted where the case turned on a question of negligence, and therefore he declined to interfere with the finding of the jury.

It is the judgment of the court granting or refusing a

new trial with which we have to deal; any reasons which· may have influenced the court in granting or refusing a new trial are not the subject-matter of exception and review. If the judgment of the court granting or refusing a new trial is not an abuse of his discretion, then this court cannot interfere; and in this case there has been no such abuse of that description as will warrant us in interfering; and reversing his judgment.

Complaint is made by the plaintiff in error that the court erred in his charge, as set out in the seventh ground· in the motion for new trial. If any error exists in the charge of the court, it is error which hurt the defendant in error and not the plaintiff. While we concede that the charge complained of is not clear and explicit, yet the conclusion of the same was that the jury must find for the plaintiff in error. Whatever errors in the statements of the charge there may be,—however much the jury may have been misled by such inaccuracies, the same inured to the benefit· · of the plaintiff in error and to the damage of defendant in error, by the conclusion drawn by the court, that the jury must find for the plaintiff in error. This is such error as the· plaintiff in error cannot complain of, but might have· formed the subject of complaint by the defendant in error.

So, upon the whole, we affirm the judgment of the court· below.

Judgment affirmed.                                              :