## GRIFFITH, receiver, *et al. v.* FINGER *et al.*

1. Where a case has been submitted to a trial judge without the intervention of a jury, with an agreement that he shall hear and decide all questions of law and fact, and he, in deciding the case, renders judgment and also files a written opinion giving his reasons for the judgment, error can not be assigned on arguments or reasoning of the judge in this opinion.

2. Where in such a case the judge in his written opinion states his conclusions of fact as to a particular part of the case, error can not be assigned upon these conclusions.

3. Where error is assigned upon the judgment so rendered, and no evidence is brought up, other than such conclusions of fact as are stated in the judge's opinion, this court can not determine whether the judgment is correct or not, and it must therefore be affirmed.

Submitted May 1, — Decided June 6, 1902.

Equitable petition, etc.　Before W. A. Charters, judge pro hac vice.　Hall superior court.　September 2, 1901.

　　*John J. Strickland* and *Dunlap & Dunlap*, for plaintiffs.
　　*G. H. Prior, W. B. Sloan, M. L. Smith*, and *H. P. Bell*, contra.

SIMMONS, C. J.   It appears from the record that certain cred-
itors filed an equitable petition against the Finger and Shelley
Manufacturing Company, and had a receiver appointed to take
charge of the assets of the insolvent company.   W. D. Griffith, re-
ceiver of the Athens Leather Manufacturing Company, was made
a party plaintiff, and, in connection with other creditors, obtained
verdict and judgment against the defendant company for a large
amount.   The receiver of the defendant company collected the as-
sets of the company, and the money was applied to preferred debts,
leaving the judgment of Griffith, receiver, unpaid.   Thereupon
Griffith by an amendment to his intervention alleged that the orig-
inal stock of the defendant company had consisted of 139 shares
of the value of $100 each; that this stock was increased in Jan-
uary, 1896, by 139 additional shares, and the increase subscribed
for by the holders of the original stock; and that none of the new
shares had been paid for.   He prayed that the subscribers be made
parties, and that the receiver be directed to collect the unpaid sub-
scriptions.   The stockholders were made parties, and Griffith alleged,
by another amendment, that the debt to him as receiver had been
contracted after the increase in the stock, and that he had extended
credit upon the faith of the new issue of stock, and that until after
the failure of the defendant company he did not know that this
stock had not been paid for.   The stockholders answered, deny-
ing any indebtedness for the stock, and denying having subscribed
for any stock which had not been fully paid for.   They alleged
that the new stock was issued to them in payment of dividends due
them by the company, and was not subscribed for but paid as such
dividends.   It was agreed by the parties that the issues thus raised
should be referred to the judge without the intervention of a jury,
and that he should determine all questions of law and fact and ren-
der a decree in the case.   The judge heard the case and rendered a
decree against certain of the stockholders for a small amount.   He
decreed that each of these stockholders should pay a certain part
of this, proportioned to his holdings of the stock, and entered judg-
ment against each of them severally for his part.   With this de-
cree or judgment the judge filed an elaborate written opinion, in
which he gave his reasons for the decision and decree rendered,
and stated in part his conclusions from some of the evidence which
seems to have been before him.   Griffith and the receiver of the

38

defendant company, being dissatisfied with the judgment rendered, filed a direct bill of exceptions, in which they except "to said opinion and to said judgment, and thereupon make the following special assignments of error, alleging that said opinion and judgment in effect rule as set forth in the following special assignments." The five "special assignments" which follow are all complaints of some conclusion of fact or proposition of law given by the judge in his written opinion as a reason for his judgment. The bill of exceptions further alleges " that the judgment, finding, and decree in this case has necessarily been controlled by the rulings, orders, and decisions above enumerated, which are alleged to be errors, and for that reason it is not necessary to make a motion for a new trial and file a brief of the evidence." The bill of exceptions shows clearly that there was no ruling, order, or decision, made pending the trial or before the final judgment, to which exception is taken. It also appears that both parties introduced evidence before the judge. The judge in his opinion states some of his conclusions of fact based upon this evidence. The correctness of these conclusions we are unable to determine, for there is no evidence sent up. We have read several times the opinion filed by the judge, and are unable to say whether his judgment was right or wrong under the facts before him. We have likewise studied the assignments of error, and find that each one of them is based on some part of the argument of the judge in his written opinion.

It is well established in this and other courts that error can not be assigned upon mere reasons given by the judge for the judgment rendered. The judgment may be right and the reasoning wrong. It has therefore been held that the judgment itself is the only part of the record on which error can be assigned in a case of this sort. In the case of *Smith* v. *Railway Co.*, 86 *Ga.* 195, it was held that "error is not assignable on the reasons of the judge for granting a new trial;" and Bleckley, C. J., in discussing the question, said: " The judgment granting a new trial rests upon the whole motion, not being put by the order upon any particular ground. The opinion of the court discusses the reasons of the presiding judge for deciding as he did. But these reasons, whether illogical or not, are no part of the judgment, and consequently are not open to attack by assigning them as error. The only reviewable action of the court in deciding the motion is the judgment which the court

rendered. *Central R. R.* v. *Smith*, 74 *Ga.* 112." If we treat the assignments of error as complaining of the findings of the judge upon the facts, we would still be unable, because of a want of the evidence, to determine whether his ruling was correct. Finally, if we regard the bill of exceptions as assigning error on the judgment itself, we are confronted by the same difficulty. We have no proper means of determining what evidence was before the trial judge. We are unable to determine the correctness or incorrectness of the judgment; for, though every reason he gives were erroneous, his judgment might still be right under the evidence which was before him. An affirmance of the judgment must necessarily follow. In coming to this conclusion we have not overlooked the act of 1898 (Van Epps' Code Supp. § 6241). That act expressly requires that bills of exceptions brought up thereunder shall contain so much of the evidence or statements of fact as may be necessary in order to enable the Supreme Court to understand the ruling or judgment of which complaint is made.

*Judgment affirmed. All the Justices concurring, except Lewis, J., absent.*