## WHITE v. COOK et al.

ATKINSON, J. A lessor of timber lands instituted an action against assignees of the lease, to enjoin further enjoyment of the lands, on the ground that the term of the lease had expired. A copy of the lease attached as an exhibit contained the covenant "that the said parties of the second part may commence boxing, working, or otherwise using said timber for turpentine purposes, or any portion thereof, at any time that the said parties of the second part may desire, and shall have the right to continue to box, work, or otherwise use said timber and every portion thereof for the full term of five (5) years, beginning, with reference to each portion of the timber, from the time only that the boxing and working of each portion is commenced, from 1923 to 1928, it being the intention of the parties that this lease shall continue to operate until all of the timber and each and every portion thereof has been boxed, worked, and otherwise used for turpentine purposes for the full term of three (3) years." The petition alleged that all of the timber was worked by the lessees during all of the years 1923, 1924, and 1925 and that such enjoyment for the three years mentioned exhausted the term of the lease according to its proper construction. At an interlocutory hearing a temporary injunction was granted, but no ruling was made upon the demurrer to the petition. At the final trial the petition was dismissed on general demurrer, and the plaintiff excepted. *Held:*

1. "If two clauses in a deed be utterly inconsistent, the former must prevail; but the intention of the parties, from the whole instrument, should, if possible, be ascertained and carried into effect." Civil Code, § 4187. "If the construction is doubtful, that which goes most strongly against the party executing the instrument, or undertaking the obligation, is generally to be preferred." Civil Code, § 4268 (4). In this instance the covenant must be construed most strongly against the lessor; and in the absence of anything in the instrument, considered in its entirety, to show a contrary intention of the parties, the last clause in the covenant, "it being the intention of the parties that this lease shall continue to operate until all of the timber and each and every portion thereof has been boxed, worked, and otherwise used for turpentine purposes for the full term of three (3) years," does not expressly or by necessary implication cut down the five-year term clearly defined in the first clause of the covenant.

2. The statement of the judge in his opinion rendered at the interlocutory hearing, "that the lease in question is not ambiguous and contains no repugnant clauses," was not a judgment establishing the law of the case and controlling on the questions raised by demurrer. *Crovatt* v. *Baker*, 130 *Ga.* 507 (2) (61 S. E. 127); *Hendricks* v. *Jackson*, 139 *Ga.* 604 (2) (77 S. E. 816); *Smith* v. *Savannah &c. Railway Co.*, 86 *Ga.* 195 (12 S. E. 306); *Griffith* v. *Finger*, 115 *Ga.* 592 (41 S. E. 993).

3. The judge did not err in dismissing the action on general demurrer.

*Judgment affirmed. All the Justices concur.*

No. 7617. JANUARY 13, 1931.

*Slater, Moore, Oberry & Wheless,* for plaintiff.
*L. A. Hargraves* and *Kelley & Dickerson,* for defendants.