## MALONE v. GLOVER.

No. 8639.   NOVEMBER 12, 1931.

*Roberts & Vandiviere* and *L. M. Blair,* for plaintiff.

*Horace M. & Frank Holden, Lewis C. Russell, J. Z. Foster,* and *Morris & Wallace,* for defendant.

GILBERT, J.   The parties to this case own adjoining lots in the City of Marietta.   The building on the lot of Glover having been destroyed, he was preparing to erect another, and his plans for doing so contemplated the removal and remodeling of that portion, facing upon the public square, of a brick wall about one foot thick and standing between the respective properties.   Mrs. Malone sought to enjoin the removal of the portion of the wall stated.   In her petition as amended she claimed the ownership of the wall and the ground upon which it stands; asserted that she had been in public, continuous, exclusive, uninterrupted, and peaceful possession of the front of said wall for more than twenty years; that Glover had actual notice of this possession, and the same was adverse to him; that the wall had for more than twenty years been recognized by both parties as the dividing line between their properties, and that the defendant had disclaimed ownership of the wall.   The defendant denied the material averments of the petition, asserted his ownership of the wall and the ground on which it stands, and prayed that his title be established by decree.

At interlocutory hearing a restraining order previously granted was dissolved and a temporary injunction was refused.   To that judgment, and particularly the portion reciting that "Under the foregoing facts and the authority cited, the court finds that the title of the wall in dispute, and to the land upon which it is located, is in the defendant subject only to plaintiff's easement to use the wall for the support of her building, which right she acquired by prescription," the petitioner excepted.   Counsel for the plaintiff recognize "the principle of law that the granting or refusing of interlocutory injunction where the evidence is conflicting is in

the discretion of the trial judge, and that this discretion will not be controlled . . unless it has been abused or unless in violation of some settled principle of law," and state that "A reference to the evidence . . will show that there was a wide confliction, both as to the original title to the facing of the building in dispute and also as to whether or not plaintiff has acquired a prescriptive title to the lands in dispute," and "admit that the trial judge had the right on this hearing to refuse the injunction," but they "insist that the order passed should be modified so as to strike . . all expressions by the court as to the question of title and findings by him seeking finally to adjudicate the case."

The record contains an opinion by the trial judge, in which the law and evidence are discussed. Many authorities are cited on various principles which enter into and are material to a decision of the question presented, that is, whether or not an interlocutory injunction should be granted. After this discussion, containing some six typewritten pages, the trial judge concluded in the following language: "It is therefore considered, ordered, and adjudged by the court that the temporary restraining order heretofore granted be and the same is hereby dissolved, and the prayer of the plaintiff that the defendant be enjoined and restrained is hereby denied."

1. It is well settled by this court that reasons assigned by the trial judge for his judgment constitute no part of the judgment and are not reviewable on bill of exceptions by this court.

2. Properly construed, the judgment, in so far as it is reviewable here, merely amounted to the refusal of an interlocutory injunction.

3. The evidence was conflicting, which fact is conceded by plaintiff in error; therefore the court did not err in refusing to grant an interlocutory injunction.

*Judgment affirmed. All the Justices concur, except Russell, C. J., disqualified.*