LOUISVILLE AND NASHVILLE RAILROAD COMPANY *v.* MEREDITH, next friend, *et al.*

No. 14082.   MAY 28, 1942.

*Harris, Russell, Weaver & Land,* for plaintiff in error.

*J. J. Gautier* and *Thomas A. Jacobs Jr.,* contra.

BELL, Justice.   The present case is before this court on grant of certiorari.   Because of one question involved, being a question of jurisdiction, it is kindred to *Southern Railway Co.* v. *Parker,* ante 94, although it brings still other jurisdictional questions, as well as one question relating to the merits.

The Louisville and Nashville Railroad Company, a foreign railroad corporation, was sued in Bibb County on an alleged cause of action which arose in Alabama when the plaintiff, a child traveling as a passenger with her grandmother, fell from the steps of a passenger-car of the defendant while changing to another railroad at Flomaton, a junction point, in that State.   The defendant by demurrer and otherwise presented the contention that, being a foreign corporation, it was not subject to suit in this State upon a transitory cause of action arising in a different State, and bearing, as insisted, no relation to business done by it in Georgia; thus raising a question similar to one that was presented in the *Parker* case.

The other questions as to jurisdiction were raised in the following manner: According to official entry, service of the petition and process was made in person upon W. A. Roelker as "commercial agent" of the defendant.   The defendant before other appearance traversed the entry, alleging that Roelker was a soliciting agent only, and that the defendant was not doing business in Bibb County so as to render it liable to suit therein.   The traverse was tried by the judge, without a jury, on the following stipulation: "That W. A. Roelker is commercial agent of Louisville and Nashville Railroad Company.   Louisville and Nashville Railroad Company maintains an office in the City of Macon for said Roelker, and pays him a monthly salary for his services as commercial agent only.   As such the said Roelker has no authority on behalf of Louisville and Nashville Railroad Company to issue bills of lading for it, nor to make contracts of affreightment, nor to sell passenger tickets, nor to make contracts of carriage with passengers; but he is solely a soliciting agent, and his duties and authority are to endeavor to have freight moving from or into the southern territory pass over the lines of the Louisville and Nashville

Railroad. The Louisville and Nashville Railroad Company has lines in the State of Georgia, but no lines in the county of Bibb. It is joint lessee, with the Atlantic Coast Line Railroad Company, of the Georgia Railroad, which has lines in Bibb County; but Roelker has no connection with the Georgia Railroad Company. Louisville and Nashville Railroad Company has no line from Flomaton, Alabama, to Macon, Georgia, nor does the Georgia Railroad have any such line."

On the merits, it was insisted that the petition did not show any negligence on the part of the defendant, this contention being embraced in the demurrer, in addition to the jurisdictional question first above mentioned.

The judge found against the traverse, and overruled the defendant's other contentions, entering orders accordingly. On writ of error the Court of Appeals affirmed these rulings, and the same questions are now in this court on the assignments of error in the petition for certiorari.

For a more complete statement of facts, see report of the decision under review, *Louisville & Nashville Railroad Co.* v. *Meredith,* 66 *Ga. App.* 488 (18 S. E. 2d, 51).

■ This case and the *Parker* case have been considered together so far as the common question is concerned, and we will not repeat here what has just been stated in that case. Suffice it to say that we are following *Reeves* v. *Southern Railway Co.,* 121 *Ga.* 561 (supra), and not *Louisiana State Rice Milling Co.* v. *Mente Inc.,* 173 *Ga.* 1 (supra), and that under the *Reeves* decision the defendant, if doing business in Georgia, could be sued in this State on such transitory cause of action, even though it arose in a different State and may not have been related in any manner to such Georgia business.

■ The assignments of error based on the traverse really involve two questions, albeit they are closely related: First, was the defendant company doing business in Georgia and in Bibb County, so as to confer jurisdiction, in the territorial sense? Secondly, if so, was the person who was served such an agent that the court would be authorized to exercise its jurisdiction, or, in other words, to require answer by the defendant? We shall deal with these questions in the order stated.

"A foreign corporation doing business in this State may for pur-

poses of suit be treated as a resident of this State and of any county therein in which it has an agent upon whom service can be perfected." *Saffold* v. *Scottish American Mortgage Co.*, 98 *Ga.* 785, 787 (27 S. E. 208). "A foreign railway company can have a residence in this State, which will subject it to suit in the courts. Whenever it is present in any county of this State conducting therein a part of the business for which it was organized, it becomes a resident of such county." *King* v. *Atlantic Coast Line Railroad Co.*, 160 *Ga.* 842, 846 (supra).

It was stipulated in effect that the defendant owned lines of railroad in the State of Georgia; and that although it owned no line in Bibb County, it was joint lessee with another company of the Georgia Railroad, which had lines in that county. From these facts the judge was authorized to find that the defendant was doing business in the State of Georgia, so as to be found in this State for the purpose of a suit against it; and that it was doing business in Bibb County, so as to fix the venue in that county. Presumably, as it owned lines in Georgia and was a joint lessee of lines in Bibb County, it was using them in the conduct of a railroad business; and operation of the lines in Bibb County merely as a joint lessee would amount to doing business in such county, for the purpose of venue. "A corporation is not always present where its officers are, but it is present in any place where its officers or agents transact business in behalf of the corporation under authority conferred by it." *Reeves* v. *Southern Railway Co.*, supra. If the defendant was actually doing business in this State, it was present for the purposes of suit in the county where such business was transacted; and this is true even though it may have transacted such business in a partnership or as joint lessee with another company, and although the latter company might not be liable in the particular case. The question is not whether the joint lessees were both liable, nor even whether either is liable, but is whether the defendant was doing business in this State and in Bibb County, so as to make it suable in that county. In this respect the case is distinguished by its facts from Peterson *v.* Chicago, Rock Island & Pacific Railroad Co., 205 U. S. 364, 27 Sup. Ct. 513, 51 L. ed. 841, in which the defendant company was not itself doing business in the State where it was sued, but merely owned a controlling interest in the corporate stock of a domestic railway company that *was* doing busi-

ness in such State. Since it appears that the defendant was actually doing business in Georgia and in Bibb County, it was amenable to suit in that county.

We come next to the question of service. Under the Code, § 22-1101, service could be made upon "any officer or agent of such corporation." It was conceded by the defendant that the person served as its commercial agent was as a matter of fact employed by it as such agent, and that the company maintained an office for him in the city of Macon in Bibb County. While it further appeared that he was only a "soliciting agent," to procure the routing of freight over the defendant's lines, and although it has been held that such solicitation without more would not constitute doing business in the jurisdictional sense or render service upon such agent a sufficient service on the defendant, decisions to this effect could have no application in the instant case, where the business done by the defendant was not limited to such solicitation, but was sufficient, either with or without that element, to create presence within the jurisdiction of the court for the purpose of a suit in personam. The case is therefore unlike *Vicksburg, Shreveport & Pacific Railway* v. *DeBow,* 148 *Ga.* 738 (98 S. E. 381), *Southeastern Distributing Co.* v. *Nordyke & Marmon Co.,* 159 *Ga.* 150 (125 S. E. 171), and *Green* v. Chicago, Burlington & Quincy Railway Co., 205 U. S. 530 (27 Sup. Ct. 595, 51 L. ed. 916). In the Green case, it appeared that the defendant had done no business within the district *other than solicitation;* and such being the case, it was held in effect that the defendant was not amenable to suit in such district, and consequently that the court could not acquire jurisdiction merely by serving the soliciting agent. The Georgia cases just cited were similar. In International Harvester Co. *v.* Kentucky, 234 U. S. 579 (34 Sup. Ct. 944, 58 L. ed. 1479), it was stated that the Green case, supra, was an "extreme case." In *Vicksburg, Shreveport & Pacific Railway* v. *DeBow,* supra, it was pointed out that the question as to whether a foreign corporation is doing business in the State, so as to be subject to its jurisdiction, may be different from the question as to whether it has brought itself within a statute providing for the service of process.

While statutes providing for service of process, as well as the service itself, must square with the principle of due process, and in several decisions by the United States Supreme Court it has been

said that service upon an agent of a foreign corporation doing business within the State, in order to be valid, must be made upon an agent representing the corporation with respect to such business, it would seem that the decisions containing such statements, when construed in the light of their facts and of other recognized principles, could not mean that the agent upon whom service is made must necessarily be one who is authorized to represent his company in that character of business the doing of which is essential to *territorial* jurisdiction, where, as in the instant case, the defendant by the transaction of business through other officers or agents is already present in such jurisdiction and all that is lacking before the court can act is a suit with proper service. For examples of such decisions, see Goldey v. Morning News, 156 U. S. 518, 15 Sup. Ct. 559, 39 L. ed. 517; Peterson v. Chicago, Rock Island & Pacific Railroad Co., 205 U. S. 563, 27 Sup. Ct. 513, 51 L. ed. 841; Mechanical Appliance Co. v. Castleman, 215 U. S. 437, 30 Sup. Ct. 125, 54 L. ed. 272.

The Supreme Court has also declared: "If a State permits a foreign corporation to do business within her limits, and at the same time provides that in suits against it for business there done process shall be served upon its agents, the provision is to be deemed a condition of the permission; and corporations that subsequently do business in the State are to be deemed to assent to such condition as fully as though they had specially authorized their agents to receive service of the process. Such condition must not, however, encroach upon that principle of natural justice which requires notice of a suit to a party before he can be bound by it. It must be reasonable, and the service provided for should be only upon such agents as may be properly deemed representatives of the foreign corporation." St. Clair v. Cox, 106 U. S. 350 (1 Sup. Ct. 354, 27 L. ed. 222). Compare *Lloyd Adams Inc.* v. *Liberty Mutual Insurance Co.,* 190 *Ga.* 633 (10 S. E. 2d, 46). And in Connecticut Mutual Life Insurance Co. v. Spratley, 172 U. S. 602 (19 Sup. Ct. 308, 43 L. ed. 569, 574), it was said: "If it appear that there is a law of the State in respect to the service of process on foreign corporations, and that the character of the agency is such as to render it fair, reasonable, and just to imply an authority on the part of the agent to receive service, the law will and ought to draw such an inference as to imply authority, and service

under such circumstances and upon an agent of that character would be sufficient."

Since the object of service is to give notice and afford a hearing, it will be sufficient if made upon an agent whose character and rank are such as to afford reasonable assurance that he will inform his company that such process has been served upon him. See in this connection *Jefferson Fire Insurance Co.* v. *Brackin,* 140 *Ga.* 637 (2) (79 S. E. 467) ; Denver & Rio Grande Railroad Co. *v.* Roller, 100 Fed. 738 (49 L. R. A. 77) ; Abbeville Electric Light & Power Co. *v.* Western Electrical Supply Co., 61 S. C. 361 (39 S. E. 559, 55 L. R. A. 146, 85 Am. St. R. 890) ; Central of Georgia Railway Co. *v.* Eichberg, 107 Md. 363 (68 Atl. 690, 14 L. R. A. (N. S.) 389) ; Atkinson *v.* U. S. Operating Co., 129 Minn. 232 (152 N. W. 410, L. R. A. 1916E, 240).

In the instant case, as we have seen, it was shown that although Roelker, the person served, was only a soliciting agent, the company maintained an office for him in the city of Macon in Bibb County, and paid him a monthly salary for his services. While he may not have represented the company in any business the doing of which *created the primary or territorial jurisdiction,* he did represent it in business; for as to like solicitation it was said even in the Green case, supra, that the defendant was doing "a considerable business of a certain kind, although there was no carriage of freight or passengers."

It is doubtless true that, except as required by statute, few if any agents are ever expressly authorized to represent their principals in relation to service of process, and the question of authority will therefore generally depend on the circumstances. 23 Am. Jur. 546-7, §§ 532, 533. If any inference may be deduced from silence of the record as to such authority, it should be drawn "against the party who bears the burden of persuasion." International Milling Co. *v.* Columbia Transportation Co., 292 U. S. 511 (54 Sup. Ct. 797, 78 L. ed. 1396).

Under the facts stipulated, the judge was authorized to find that Roelker's agency was of such character that he was at least under an implied duty to notify the company of any suit that might be served upon him; and so it was a legitimate inference that the service made conformed to the Code, § 22-1101, and afforded due process. See, in this connection, *Equity Life Insurance Co.* v.

*Gammon,* 119 *Ga.* 271 (46 S. E. 100) ; *Southern Bell Telephone &c. Co.* v. *Parker,* 119 *Ga.* 721 (47 S. E. 194) ; State ex rel. Taylor Laundry Co. *v.* District Court, 102 Mont. 274 (57 Pac. 2d, 772, 113 A. L. R. 1) ; and see especially editorial note in 113 A. L. R. 88-102, and cases cited in 23 Am. Jur. 556, § 549.

■ While as a general rule it is not the duty of employees in charge of a passenger-train to assist passengers in alighting therefrom, the circumstances of a particular case may be sufficient to raise such duty. *Georgia & Florida Railway* v. *Thigpen,* 141 *Ga.* 90 (80 S. E. 626) ; 13 C. J. S. 1362, § 727. It can not be said as a matter of law that the allegations of the petition were insufficient to show negligence on the part of the defendant's employees.

It follows from what has been said that the decison and judgment of the Court of Appeals affirming the several rulings of the trial court were not erroneous, as contended in the petition for certiorari. *Judgment affirmed. All the Justices concur.*