HOOKS *et al. v.* HOOKS; *et vice versa.*

NOS. 14800, 14826. MARCH 8, 1944. REHEARING DENIED MARCH 15, 1944.

*C. C. Crockett,* for plaintiffs.

*E. W. Jordan* and *M. H. Blackshear,* for defendant.

GRICE, Justice. A number of points of law are raised, but there is one controlling question to which all the others are subordinated. There is no conflict in the evidence, and if it demands a finding in favor of the defendant with respect to his contention as to the will, it must follow as a matter of course that the plaintiffs are not entitled to any of the relief sought, and an affirmance of the main bill would be the logical step, regardless of other questions in the case. That the will, offered for probate in solemn form in the court of ordinary, was there admitted to probate, and letters testamentary were issued to the executor therein named, is established. This was done after all parties at interest were duly notified. Only one of them appeared. He filed a caveat, and entered an appeal. The others were not parties. *Swift* v. *Thomas,* 101 *Ga.* 89, 91 (28 S. E. 618); *Samples* v. *Samples,* 194 *Ga.* 383 (21 S. E. 2d, 601). Whether or not the action of appellant's counsel in undertaking to dismiss the appeal, referred to in the statement of facts, accomplished that result, need not be decided, in view of the fact that the record shows a judgment unexcepted to, holding that at the time Thomas Hooks II filed his intervention, the appeal had previously been duly and legally dismissed, and that thereafter there was no case pending in which an intervention could be filed. Nor need it be decided whether the decision of the judge theretofore rendered, in placing the caveat of Thomas Hooks II on the docket for trial, was a ruling that Thomas Hooks II was in time with his caveat, because if that position be sound, it should have been urged as a reason why the judge of Laurens superior court erred in adjudging later that the appeal of J. S. Hooks had been duly and

legally dismissed on July 13, 1942, more than a week before Thomas Hooks II undertook by way of intervention to file a caveat. However, Judge Camp, on motion of counsel for T. W. Hooks, denied the intervention and struck it from the docket, on the grounds, among others, that Thomas Hooks was not a party to the cause when the appeal of J. S. Hooks was dismissed and withdrawn on June 13, 1942, and that when Thomas Hooks II undertook to intervene on June 22, 1942, the case was not pending in the court, and there was no issue of any kind before the court for determination. In reply to this position, counsel for the plaintiff contends that the order of Judge Camp, entered on the aforesaid motion, was not an adjudication that the appeal of J. S. Hooks had been dismissed before the intervention was filed, but that he merely gave as a reason for striking the same from the docket that the appeal had already been dismissed; and counsel relies on the line of cases holding that error can not be assigned upon mere reasons given by the judge for the judgment rendered. *Griffith* v. *Finger,* 115 *Ga.* 592 (41 S. E. 993). This rule is well recognized. See *Richter* v. *Cann,* 191 *Ga.* 103 (11 S. E. 2d, 774), and cases there cited. It has no application, however, to the facts here shown. When a motion was made in Laurens superior court to dismiss an intervention in a named case that had been appealed from the court of ordinary, and the motion was based on the ground that the case was not pending at the time the intervention was filed, but that on the contrary the appeal had theretofore been dismissed with the consent of the opposite party, and that in passing on the motion, the judge entered an order sustaining the same "for the reason that the appeal of J. S. Hooks was duly and legally dismissed on June 13, 1942, and after that there was no case pending further in this court," this was an adjudication that the appeal had been dismissed at the time the intervention was filed. It was a finding in a case to which Thomas Hooks II and T. W. Hooks were parties, and was a judgment binding on the parties, and as between them established the fact that the appeal from the judgment of the court of ordinary admitting the will to probate had been dismissed. "An appeal shall suspend but not vacate judgment; and if dismissed or withdrawn, the rights of all the parties shall be the same as if no appeal had been entered." Code, § 6-502. Therefore the effect of the dismissal of the appeal was

to make effective the judgment of the court of ordinary. The other heirs of Miss Hooks who intervened in the case and adopted the allegations and prayers of the petition must share the same fate as Thomas Hooks II, whose case was bottomed on a main contention disproved at the trial. Since it was proved that Miss Hooks left a will, which had been duly probated, as shown by this record, the complainants' case fell. Since in no event were they entitled to any of the relief sought; the judgment on the main bill is

*Affirmed. Cross-bill dismissed. All the Justices concur.*