38510.   SOUTHERN BELL TELEPHONE & TELEGRAPH
COMPANY v. JACKSON *et al.*

DECIDED OCTOBER 28, 1960—REHEARING DENIED
NOVEMBER 17, 1960.

*Shirley C. Boykin, William P. Johnson, Claude Driver,* for plaintiff in error.

*Howe & Murphy, D. B. Howe, Harold L. Murphy,* contra.

NICHOLS, Judge. ■ Under the decision of the Supreme Court in *Jones v. Bibb Brick Co.,* 120 Ga. 321 (48 S. E. 25), if the service in the present case was valid and the return defective the return could be corrected by amendment; however, if the service was void then no amendment to the return could validate it. Accordingly, the judgments overruling the demurrer to the amendment to the return of service and overruling the motion to strike the amendment, if error, were harmless for the question presented still remained: "Was the service on the purported agent valid?" If not, the traverse should have been sustained regardless of the amendment. Therefore, no harmful error is shown by the court's rulings on the demurrer and the motion to strike.

■ *Code* § 22-1101 provides that service on corporations may be perfected by (1) leaving a copy of the process or other writ at the place of transacting the usual and ordinary business of the corporation if such place of business is within the jurisdiction of the court, or (2) by personal service on any officer or agent of the corporation. Here we are only concerned with the second method and the question presented is whether the person served was "an officer or agent" of the corporation, and no question is presented as to whether the court had jurisdiction of the defendant who was "doing business" in the county where the action was brought, and it was this business out of which the action arose (the plaintiff having, according to the allegations of the petition, been a resident of the county and having sustained a severe electric shock from equipment owned by the defendant and installed in the plaintiff's home).

The Supreme Court in *Louisville & Nashville R. Co. v. Meredith,* 194 Ga. 106 (21 S. E. 2d 101), held that a person employed as a "soliciting agent" was a proper "agent" for service where the defendant corporation was otherwise doing business within the jurisdiction of the court. Where the solicitation of

business is the sole operation carried on by the defendant within the jurisdiction of the court the rule is otherwise. See *Vicksburg, Shreveport &c. Ry. v. DeBow,* 148 Ga. 738 (98 S. E. 381).

In the persent case, although conflicting, there was evidence that the person, H. R. Slate, on whom process was served had the title of "Installer-Repairman" and was employed in such capacity by the defendant. There was also evidence that it was his, along with other employees', duty "to put in new phones any time he can. Every employee is supposed to sell the service of the company. And following putting a phone in a person's house he would tell them how much it would cost. And he would install it and the company would bill the customers in accordance with the agreement that he had made with the customers, a service order would be issued and the customer would be billed." This same witness, Donnell Murray, the defendant's general plant supervisor for Georgia, on direct examination also testified in conflict with the above that it would not be all right with the company for Mr. Slate to install an extension phone without prior permission, that such was not a part of his duties, that the company would make him take it out, and that it was not a part of his duties to sell.

As shown above, while this testimony was conflicting, still the evidence authorized the finding made by the trial judge that Mr. Slate was an agent authorized by *Code* § 22-1101 to receive service of process. The trial court did not err in overruling the traverse.

*Judgment affirmed. Felton, C. J., Townsend, P. J., and Carlisle, J., concur. Bell, J., dissents. Frankum, J., disqualified.*

BELL, Judge, dissenting. I am compelled to disagree with the holding stated in division 2 of the majority opinion. In my view, *Code* § 22-1101, which requires service by serving "any officer or agent of such corporation . . ." or by leaving the writ at the place of transacting the usual and ordinary public business of a corporation, requires, if the first method of service is utilized, that the service be made on someone other than a mere employee or servant. In this case the service was made on an ordinary employee of the company who, while it is cer-

tainly no discredit to him, cannot be classed as an officer or agent within the meaning of the statute.

Even though the evidence reveals this installer-repairman had the duty "to sell the services of the company," this testimony, in its relevant sense, merely inferred that all employees are expected to sell or boost the services of the company. No matter how construed, all of the testimony relating to the "selling" by this installer-repairman, shows the words "sell" or "sold" to have been used in their colloquial nature and not in any sense sufficient to allow this employee to qualify as an agent for service under *Code* § 22-1101. The services performed for the company by this installer-repairman and his authority are in no degree as extensive as those performed by the soliciting agent for the railroad in the case of *Louisville & Nashville R. Co. v. Meredith*, 194 Ga. 106 (21 S. E. 2d 101), as relied on in the majority opinion. Furthermore, the repairman's own uncontradicted testimony was that he had no authority to install a phone which he had sold without the approval of the business office. He testified, "If a customer orders another phone, I help them pick it out and tell them how much it is going to cost. I do not then put it in. I get it off my truck, but before I put it in I call the business office and get authority to put it in. I can't put it in without their authority." Since this employee lacked authority to bind the company even to the extent of installing a phone which he had "sold," I do not agree that he should be found to have the authority to bind the company in this most important activity where in any suit against the company, service on him would be service on the company. See *Georgia Ry. &c. Co. v. Head*, 150 Ga. 177 (103 S. E. 158); *Smith v. Southern Ry. Co.*, 132 Ga. 57 (63 S. E. 801).