### 39993. SIMS T. V., INC. v. FIREMAN'S FUND INSURANCE COMPANY.

FRANKUM, Judge. 1. Where the defendant insurance company issued to the plaintiff corporation a policy of automobile liability insurance which contained a condition that the insured should immediately forward to the company every demand, notice, summons, or other process received by it or its representative on account of any occurrence covered by the policy, performance of this requirement on the part of the insured was a condition precedent to the company's liability. *Cooper v. Glens Falls Indem. Co.*, 93 Ga. App. 127 (91 SE2d 120); *Employees Assur. Soc. v. Bush*, 105 Ga. App. 190 (123 SE2d 908). The negligent failure of the insured to forward the process and copy of the petition served on it relieved the insurance company of liability under the policy.

2. A corporation is an artificial person created by law, *Code* § 22-101, and can only act through its officers and agents. *Georgia Military Academy v. Estill*, 77 Ga. 409 (3). Accord-

ingly, the negligent acts or omissions of its agents done within the scope of their employment are imputable and chargeable to the corporation.

3. As used in the condition contained in the policy of insurance referred to in headnote 1 above, the word "representative" is synonymous with the term "agent" and means one clothed by the employer with the power to act for it in the exercise of its business. Sunset Mill. & Grain Co. v. Anderson, 39 Cal.2d 773 (249 P2d 24, 27); Dewey v. National Tank Main. Corp., 233 Iowa 58 (8 NW2d 593, 596).

4. Where, after an automobile owned by one of its employees and driven by another of its employees in the scope of his employment collided with the automobile of another, the plaintiff corporation was sued for property damage within the coverage of the policy of insurance issued by the defendant insurance company, and where service of the process was had upon the plaintiff corporation by leaving a copy of the petition and process at its place of doing business within the county and in the possession of a representative who was then and there solely in charge of the plaintiff's place of business, and who was shown to have been a supervisor of the plaintiff's television service personnel and was also the person in charge of the corporation's place of business in the absence of the president and his wife, the trial judge sitting without the intervention of a jury would have been authorized to find that he was such a representative of the plaintiff corporation as referred to in the policy who would have been expected to hand the process left with him to the proper officer of his employer or notify him of its receipt, and one whose negligence in failing to deliver the process and petition to the officers of the corporation would be imputable to the corporation and that the failure of the corporation to forward such papers to the defendant insurance company after they were received by such representative relieved the insurance company of its duty under the policy to defend the suit. *Georgia R. &c. Co. v. Head,* 150 Ga. 177, 181 (103 SE 158); *Georgia Creosoting Co. v. Fowler,* 35 Ga. App. 372 (133 SE 479); *Southern Bell Tel. &c. Co. v. Jackson,* 102 Ga. App. 699 (2) (117 SE2d 550).

5. The judge was likewise authorized to find from the evidence that the subsequent agreement of the defendant insurance company to settle, investigate or defend the action brought by

the third party claimant, which agreement was made after judgment had been rendered for the plaintiff in that suit, was conditioned upon the success of a proceeding brought by the plaintiff's attorneys to have the default judgment against the plaintiff set aside, and that such agreement did not amount to a waiver of the terms of the policy requiring the plaintiff to immediately forward process received by it.

6. The finding and judgment of the trial judge, sitting without a jury, in favor of the defendant insurance company was authorized by the evidence.

*Judgment affirmed. Nichols, P. J., and Jordan, J., concur.*

DECIDED MAY 22, 1963—REHEARING DENIED JUNE 18, 1963.

*Rose & Lappas, Hugh A. Wells, Sidney I. Rose,* for plaintiff in error.

*T. J. Long, Ben Weinberg, Jr.,* contra.

### ON MOTION FOR REHEARING.

In its motion for a rehearing the plaintiff in error contends that this court in ruling as it did in Division 4 of its opinion overlooked the fact that the trial judge in his opinion written in this case did not hold that the representative of the plaintiff in error with whom the process was left was an agent of the corporation upon whom service could be had and further that the ruling by this court that he was such an agent is contrary to the opinion and judgment of this court in the related case of *Clements v. Sims T. V., Inc.,* 105 Ga. App. 769 (125 SE2d 705). These contentions are not meritorious.

It is fundamental that a judgment of a trial court which is right will be affirmed on appeal even though the trial judge in rendering his judgment may have assigned a wrong reason therefor. This is true whether the judgment be one involving solely a question of law, or one involving merely a question of fact. *Fidelity &c. Co. v. Norwood,* 38 Ga. App. 534, 550-1 (5) (144 SE 387); *Walden v. Barwick,* 72 Ga. App. 545, 548 (2) (34 SE2d 552); *Moody v. Foster,* 74 Ga. App. 829, 835 (2b) (41 SE2d 560); *U. S. Cas. Co. v. Richardson,* 75 Ga. App. 496, 500 (2) (43 SE2d 793). Error cannot be assigned on the reasons given by the trial judge for his decision. They form no part of

his judgment, and the appellate court in reviewing that judgment is not concerned with them. *Broyles v. Kirkwood Court Apts.*, 97 Ga. App. 384 (103 SE2d 97); *Griffith v. Finger &c. Mfg. Co.*, 115 Ga. 592 (41 SE 993); *Malone v. Glover*, 173 Ga. 780 (161 SE 602).

The judgment of this court in the former case was not res judicata as to the status of the plaintiff's representative, Mr. Kittleson, who received the process. This is true for several reasons. That litigation was between Sims T. V. Inc. and Clements, the plaintiff there. This suit is between Sims T. V. Inc. and its insurer. The defendant here was not a party to the former case. The parties in the two cases are not the same. *Floyd & Lee v. Boyd*, 16 Ga. App. 43 (3) (84 SE 494); *Atkinson v. Drake*, 212 Ga. 558 (1) (93 SE2d 702). Furthermore, there is no identity of causes of action between the two cases. The former case was an action for damages against Sims T. V. Inc., the plaintiff here. On the hearing of the defendant's motion to set aside the default judgment obtained by the plaintiff in that case, the question involved was whether the defendant had been served in a way and manner provided by law. Here the action was by the plaintiff against its insurance carrier to compel it to pay the judgment finally rendered against the insured in that case. Clearly there was no identity of causes of action. *Missouri State Life Ins. Co. v. Lovelace*, 1 Ga. App. 446 (1) (58 SE 93); *Austin v. Central of Ga. R. Co.*, 3 Ga. App. 775, 778 (61 SE 998); *Linder v. Rowland*, 122 Ga. 425 (2) (50 SE 124).

Finally, the issue in the former case with respect to Mr. Kittleson's status, if in fact it was adjudicated, was whether he was an agent of the corporation upon whom service might be perfected. Here the issue was whether Mr. Kittleson was a representative of the corporation within the meaning of that term as used in the policy of insurance so as to authorize the conclusion that receipt by him of the process would constitute receipt by the insured and require the insured, under the terms of the policy, to forward the process to the insurance company in order to make the insurance company liable for the payment of the judgment. The two are not synonymous, but even if they are, the evidence adduced in the two cases was not the same,

as revealed by a comparison of the brief of evidence in that case with the brief in this case. We have outlined in the foregoing opinion the substance of the evidence which authorized the finding that Mr. Kittleson was a representative of the plaintiff within the meaning of that term as used in the insurance policy, and we will not burden the record by repeating that evidence here. In the trial of Sims T. V. Inc. v. Clements the only evidence with relation to Mr. Kittleson's authority was that he was a mere employee and that he had nothing to do with the management of the company. The evidence in this case goes much further, as we have shown, and clearly authorized a contrary finding.